UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CHERYL M. McCAIN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | No. 4:08CV971-DJS |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

ORDER

This matter is before the Court on the report and recommendation ("R&R") of the United States Magistrate Judge recommending that the Court affirm the final decision of the Commissioner of Social Security denying plaintiff Cheryl McCain disability insurance benefits under Title II and Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C. §401 *et seq.* Plaintiff has filed objections to the R&R. Pursuant to 28 U.S.C. §636(b), this Court undertakes *de novo* review of those matters to which an objection is made.

The standard to be applied by the Court upon review of the Commissioner's decision is governed by 42 U.S.C. § 405(g). The Commissioner's decision is conclusive if supported by substantial evidence on the record as a whole. Richardson v. Perales, 402 U.S. 389, 401 (1971); Eichelberger v. Barnhart, 390 F.3d 584, 589 (8th Cir. 2005). Substantial evidence on the record as a whole is less

than a preponderance, but enough so that a reasonable mind might accept it as adequate to support the conclusion. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005). In making this determination, the Court will consider the entire record, including the evidence that supports the administrative law judge's ("ALJ's") decision as well as evidence that detracts from it. Id. However, the Court will not reverse merely because substantial evidence may support a different outcome, so long as substantial evidence exists to support the ALJ's decision. Stormo v. Barnhart, 377 F.3d 801, 805 (8th Cir. 2004).

Although acknowledging the ALJ's confusion or error in a number of respects, the magistrate judge finds that those mistakes did not affect the substance of the ultimate medical determination and do not provide a basis for overturning the final decision to deny plaintiff benefits. Plaintiff argues that the ALJ's misquoting of treatment notes and confusion between doctors ultimately resulted in the wrongful rejection of the opinion of plaintiff's treating physician in favor of the opinions of several one-time examiners, and that such inaccuracies, incomplete analyses and unresolved conflicts of evidence can, and here should, serve as a basis for remand. Plaintiff attempts to "divide and conquer" by setting the favorable position of Dr. Shaw against the opposing views of other physicians one by one, rather than approaching the medical record as a whole, as the applicable legal standards

require.  For this and other reasons discussed further below, the Court finds plaintiff's objections to be unpersuasive.

Plaintiff contends that the treating physician's opinion was entitled to controlling weight, or at least to deference not given, either of which should have resulted in a decision favorable to the claimant.  As plaintiff correctly notes, the opinion of a treating physician can constitute substantial evidence *where it is supported by clinical data*.  The ALJ found here that Dr. Shaw's opinion that plaintiff was incapable of sustained full-time employment at the sedentary level was not so supported, but rather was inconsistent with, and outweighed by, the evaluations of several other physicians (specifically Drs. Schwent, Margherita and Sallis) and with other evidence relevant to the evaluation of plaintiff's subjective complaints.  The Court next considers plaintiff's objections with respect to each of these doctors in turn.

Plaintiff argues that the ALJ erroneously found the opinion of one-time examiner Dr. Margherita to outweigh the opinion of Dr. Shaw.  More accurately, the ALJ found Dr. Shaw's comparatively conclusory determination of disability to be outweighed by its inconsistency with the record as a whole and with the cumulative weight of the opinions and records of Drs. Margherita, Sallis and Schwent. Tr. 13. As for Dr. Margherita in particular, he acknowledged the existence of mild degenerative

3

changes to plaintiff's lumbar spine, but reported that plaintiff "self-limited" during range of motion testing of her cervical spine and lumbar spine, that she demonstrated "exaggerated response characteristics" during portions of her lumbar spine examination, that her gait involved a "non-organic" pattern, and that she significantly self-limited during the examination of her hip. Tr. 306-08. Dr. Margherita ultimately concluded that the examination yielded "no significantly abnormal findings," that the conditions of plaintiff's degenerative pathology "are not associated with any significant impairment," that "psychiatric evaluation would be warranted to assess non-physical contributors to her current pain complaints," and that "clearly a secondary gain issue [is] involved with the claimant's current disability status." Tr. 309. The ALJ's relative weighting of Dr. Margherita's detailed examination and report, particularly in the larger context of the entire medical record, is not shown to have been unreasonable or a basis for remand.

Plaintiff also challenges the ALJ's reliance upon Dr. Schwent, who did not opine concerning plaintiff's allegedly disabling impairments. Similarly, plaintiff contends that the ALJ improperly relied on the opinion of one-time treater Dr. Sallis, an emergency room physician, who did not offer an opinion on plaintiff's disabling complaints. Drs. Schwent and Sallis examined plaintiff on the occasion of her appearance at the emergency room for complaints distinct from the neck and back problems on which

4

her disability claim is based.  For that reason, neither Dr. Schwent nor Dr. Sallis had occasion to opine directly upon whether plaintiff's neck and back problems were disabling.[1]

The records pertaining to both these emergency room visits do reference plaintiff's complaints of chronic back and neck pain, and the existence of MRI results showing degenerative changes to plaintiff's spine, though these were not the medical considerations prompting plaintiff's appearance at the emergency room in either instance.  That these records contain indications of normal range of motion and no tenderness to palpation of her neck and back was cited by the ALJ to rebut Dr. Shaw's assessment of plaintiff's disabling neck and back conditions.  Although not particularly weighty if considered in isolation, these medical assessments are properly taken into account and found not to support plaintiff's claims of disabling conditions.

It does appear that the ALJ mistakenly attributed the evaluation of Dr. Lu to plaintiff's treating physician Dr. Shaw, and then discounted Dr. Shaw's ultimate opinion of disability as inconsistent with his own treatment notes (when they were those of Dr. Lu instead).  Dr. Lu's report of September 23, 2005 indicates that he saw plaintiff on referral from Dr. Shaw.  Ironically, plaintiff's objections to the R&R make a similar error, attributing

---

[1] Because the medical complaint then at issue was other than those alleged to be disabling, the contention that the ALJ erroneously stated the treatment given plaintiff by Dr. Schwent is found to be without significance.

to Dr. Lu the circumstances of the May 20, 2006 emergency room examination for headache and chest pain by Dr. Sallis. In any event, when properly considered in its own right, the report of Dr. Lu does not support a finding of disability, because it finds that plaintiff's symptoms are not accounted for by the medical evidence. Tr. 168.

Contrary to plaintiff's objections, the Court finds that the ALJ did not misquote Dr. Goldmeier, and that the minimal significance the ALJ afforded Dr. Goldmeier's contribution to the medical record was reasonable given the indecipherability of his notes, and the relatively peripheral significance of his opinion as a psychiatrist, when plaintiff's claimed disability is neck and back pain. The record adequately reflects that Dr. Goldmeier recorded plaintiff's anxiety and claims of chronic pain. The ALJ's determination that Goldmeier's evaluation does not support plaintiff's claim of disability is reasonable and is not a basis for remand.

Plaintiff challenges the R&R's characterization of treating physician Dr. Shaw's opinions as ill-supported by the medical record, citing the treatment notes of Dr. Kamat and Dr. Feinberg. The statements of Dr. Kamat, a rheumatologist, reflect only that plaintiff was, as of March 12, 2007, "currently in the process of being evaluated for a diagnosis of rheumatoid arthritis," and as of April 30, 2007, experiencing some benefit from treatment for swelling in her hands. Tr. 436, 151. The ALJ

6

found that Dr. Feinberg's records disclosed that plaintiff benefitted from her treatment but failed to fully comply with a home exercise program prescribed for her, and that both of those factors were non-supportive of the necessary disability with a duration of twelve months. The Court is not persuaded that the ALJ wrongly weighed the views of Drs. Kamat and Feinberg, or that they provided support requiring deference to Dr. Shaw's disability assessment.

Plaintiff asserts that the R&R misreads Dr. Williams' and Dr. Shaw's views on psychiatric treatment and evidence of pain. Dr. Williams' evaluation indicates his view that plaintiff has a "chronic pain/behavioral problem without a musculoskeletal or neuromuscular explanation for her symptoms," and that "[p]sychosocial factors are significantly impacting her clinical presentation" such that "treatment of her anxiety, mood, or other psychiatric disorder by a psychiatrist" is warranted. Tr. 394-95. E-mails between Dr. Williams and Dr. Shaw suggest that Dr. Shaw communicated his concurrence with Dr. Williams' views. Tr. 402. Dr. Williams completed a disability assessment on February 21, 2007 opining that plaintiff is not disabled from working by any impairments, and in fact "can and should" perform sustained full-time employment. Tr. 392. By contrast, Dr. Shaw completed the same disability assessment form on March 2, 2007 in which he opined that plaintiff is disabled by constant pain and fatigue. The ALJ reasonably analyzed Dr. Williams' contribution to the medical

7

record as "inconsistent with disability." Tr. 15. The Court notes that Dr. Williams' opinion is consistent with and therefore bolsters that of Dr. Margherita, upon whom the ALJ significantly relied in rejecting Dr. Shaw's assessment of disability.

After *de novo* review of the Commissioner's decision and the record upon which it is based, the Court cannot conclude that there does not exist substantial evidence on the record as a whole to support the determination that plaintiff is not disabled. Plaintiff's numerous objections to the magistrate judge's R&R have been carefully considered, but are not found to warrant a different result, for the reasons set forth above. Because portions of the medical record are supportive of plaintiff's claim of disabling impairments, the Court notes that its review is subject to the previously-noted rule that the Commissioner's decision will not be reversed merely because substantial evidence may support a different outcome, so long as substantial evidence exists to support the ALJ's decision. Stormo v. Barnhart, 377 F.3d 801, 805 (8th Cir. 2004). In this case, the Commissioner's determination -- that plaintiff did not sustain her burden of proving that her alleged impairments prevent her from performing her past relevant work – must be upheld.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's objections [Doc. #17] to the report and recommendation are overruled, and the

magistrate judge's report and recommendation [Doc. #16] is accepted and adopted.

Dated this ___14th___ day of September, 2009.

                                          /s/Donald J. Stohr
                                          UNITED STATES DISTRICT JUDGE